Shayna Fernandez Watts (027342)
FERNANDEZ WATTS LAW PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016
Phone: (602) 760-5100
Fax: (602) 760-5130
Email: Shayna@FernandezWattsLaw.com
Attorney for Plaintiff Lester Davis

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Lester Davis,<br><br>                                 Plaintiff,<br><br>v.<br><br>IDG Innovative Development Group dba Desert Services and Desert Sweeping & Brooms,<br><br>                                 Defendant. | No.<br><br>**COMPLAINT**<br><br>**(1)  Discrimination Based on a Disability (42 U.S.C. §12112 (a))**<br><br>**(2)  Failure to Accommodate a Disability (42 U.S.C. §12112(b)(5)(A))**<br><br>**(3)  Retaliation Based on a Disability (42 U.S.C. § 12203(a))**<br><br>**(4)  Discrimination Based on Age (29 U.S.C. §623)**<br><br>**(5)  Discrimination Based on Race (42 U.S.C. §2000e)**<br><br>**(6)  Hostile Work Environment (Title VII)**<br><br>**(7)  Breach of Contract**<br><br>**(Jury Trial Demanded)** |

Plaintiff Lester Davis for his Complaint against Defendant IDG Innovative Development Group dba Desert Services and Desert Sweeping & Brooms ("Desert

Services") alleges as follows:

**Jurisdiction and Venue**

1.      Lester Davis is an individual and a resident of Maricopa County, Arizona.

2.      Desert Services is Plaintiff's former employer and an Arizona limited liability company doing business in Maricopa County, Arizona.

3.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981(a) ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Age Discrimination in Employment Act (29 U.S.C. §623).

4.      This Court has supplemental jurisdiction over Mr. Davis's claims arising under Arizona law pursuant to 28 U.S.C. § 1367 because such claims are so related to Mr. Davis's claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

6.      Defendant caused events or omissions in Arizona that gave rise to Mr. Davis's damages and are, for that and other reasons, subject to the personal jurisdiction in this Court.

7.      At all times relevant hereto, Defendant has been an employer as defined under the ADA and Title VII and is accordingly subject to the provisions of each said act.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all the events or omissions giving rise to Mr. Davis's claims occurred in this judicial district.

**General Allegations**

***Background***

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

9.     Plaintiff Lester Davis began working for Desert Services in or about March of 2012 as a truck driver and street sweeper.

10.    Plaintiff was hired by Michael Lanning, the owner of Desert Services.

11.    Plaintiff worked for Desert Services for approximately eight (8) years, earning $18 per hour and earned an average of approximately $5,500 per month.

12.    During his 8-year employment, Plaintiff was a respected employee who had never received any write-ups or written reprimands.

13.    On or about December of 2017, Plaintiff took time off work to undergo prostate surgery, which he communicated to Mr. Lanning and office managers.

14.    Plaintiff had "urge incontinence" – the frequent and urgent need to urinate – which is a common medical condition and is a disability.

15.    For this reason, and because Plaintiff often worked long shifts (12-14 hours at a time), Plaintiff told Mr. Lanning that the company should allow the work yard restroom to remain unlocked for employee use and accessibility.

16.    Plaintiff repeatedly made the same request to Ms. Klein.

17.    Desert Services' work yard restroom was typically kept padlocked prior to 8 a.m. and after 5 p.m., and therefore would often be locked during the times Plaintiff and other employees reported early for shifts, after shifts, or on weekends.

18.    Desert Services refused to accommodate Plaintiff's requests to keep the restroom unlocked, and instead responded that a restroom key was kept inside the yard shop for employee use.

19.    While it was Desert Services' practice to keep a restroom key inside the shop, the shop itself was locked outside of normal business hours and during the times when employees reported for shifts and on weekends, making both the restroom key and the restroom entirely unavailable to employees during these times.

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

20. Plaintiff explained, that due to his medical condition, he did not have ample to time to retrieve the restroom key from inside the shop, even if and when the shop was unlocked, due to his inability to control both the frequency and urgency of his need to use the restroom.

21. Even for employees without medical conditions, due to the frequent unavailability of the restroom, it was known and commonplace for employees to relieve themselves by urinating in the work yard before starting a shift.

22. This was long established standard practice, and to Plaintiff's knowledge no employee was ever disciplined or reprimanded – let alone *terminated* – by Desert Services for it.

**Worker's Compensation Injury And Accommodation**

23. Plaintiff sustained a right rotator cuff injury while on the job for Desert Services on January 8, 2020.

24. Plaintiff was thereafter placed on medical leave and received medical treatment for the injury.

25. Prior to the rotator cuff injury, Plaintiff had been driving a Desert Services truck (truck #105) that was not equipped with working power steering.

26. After the rotator cuff injury, Plaintiff could no longer drive a truck for 12-14 hours per day without power steering without experiencing severe pain, and he communicated this to Mr. Lanning on numerous occasions.

27. Plaintiff requested that Mr. Lanning either fix the power steering on his truck or provide Plaintiff with a truck that had power steering, which were reasonable requests given his medical condition.

28. At the time, Plaintiff was the only Desert Services truck driver without power steering.

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

29.    Mr. Lanning repeated denied Plaintiff's requests for a truck with power steering.

30.    Finally, after three months of Plaintiff asking Mr. Lanning for a truck with power steering, Mr. Lanning obliged.

31.    Around that same time, in January of 2020, Reggie, the Desert Services shop supervisor, told Plaintiff that Mr. Lanning was looking to "get rid" of employees with "liabilities," – which Plaintiff understood meant employee with health issues.

32.    Around that same time, Danny, a 63-year-old truck driver with chronic back pain who frequently complained to management about the same, was terminated from Desert Services for no apparent reason.

***TERMINATION***

33.    On the morning of April 27, 2020, Mr. Davis needed to urinate urgently and found the yard restroom locked.

34.    Mr. Davis did not believe he could make it to the shop and back, and to unlock the door in time, so he urinated discretely between the yard fence and his truck.

35.    Mr. Bob Osterkamp allegedly saw Mr. Davis urinating and reported the incident to Mr. Lanning.

36.     Mr. Lanning, who had knowledge of Plaintiff's medical condition and Plaintiff's multiple requests for accommodation, chose to terminate Mr. Davis for public urination on April 27, 2020.

37.    Ironically, Mr. Osterkamp was one of Plaintiff's colleagues who would not only urinate publicly in the work yard, but frequently allowed his dog to defecate around the work yard without picking up after it – and Mr. Osterkamp had never been reprimanded for either such actions.

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

38.    Plaintiff was 66 years old at the time of his termination from Desert Services, was the only Black employee, and had several disabilities at the time which were communicated to Defendant and for which he requested accommodations.

### *RACIAL DISCRIMINATION*

39.    During his employment, Plaintiff was also subjected to racial discrimination which contributed to a hostile work environment.

40.    For example, following the murder of George Floyd on May 25, 2020, Mr. Osterkamp and Mr. Gruner demanded that Plaintiff explain and justify the Black protests and anger being demonstrated worldwide.

41.    Mr. Osterkamp and Mr. Gruner expressed their disapproval of Black protests and told Plaintiff they supported the actions of the police officers.

42.    These statements were made openly and Mr. Davis made it known that he did not agree with the statements and that he was offended by the statements.

43.    The statements made, combined with the refusal of Plaintiff's superiors to make reasonable accommodations for his medical conditions, contributed to an overall hostile work environment.

44.    Defendant is vicariously liable for the discrimination and retaliation Plaintiff suffered because of Defendant's employees.

### *EEOC – SATISFACTION OF ADMINISTRATION PROCEDURES*

45.    Plaintiff timely filed a Charge of Discrimination with the EEOC on or about February 2, 2021.

46.    The EEOC issued Plaintiff a Notice of Right to Sue on June 2, 2022 upon Plaintiff's request.

### **CLAIMS FOR RELIEF**

### **Count I: Discrimination Based on a Disability**

### **(42 U.S.C. §12112 (a))**

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

47.     Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs.

48.     The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

49.     Mr. Davis underwent prostate surgery in December of 2017 and thereafter experienced "urge incontinence," a known side effect from the surgery.

50.     Mr. Davis also suffered a torn rotator cuff while on the job on or about January 8, 2020.

51.     Mr. Davis is an individual with disabilities under the ADA.

52.     Mr. Davis was fully qualified to be a truck driver and street sweeper and could perform all the essential functions of the position.

53.     Desert Services Sales, LLC, is a covered employer to which the ADA applies.

54.     Desert Sweeping and Brooms, LLC, is a covered employer to which the ADA applies.

55.     Defendant terminated Mr. Davis from employment because Mr. Davis had disabilities and Defendant did not want to accommodate his disabilities.

56.     Defendant's termination of Mr. Davis on the basis of his disabilities violated the ADA.

57.     Defendant's intentionally discriminated against Mr. Davis based on his disabilities in the performance and modification of his employment, and the enjoyment of all benefits, privileges, terms, and conditions of the employment relationship.

58.     As a direct result of the aforesaid unlawful discriminatory employment

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

practices engaged in by Defendant in violation of the ADA, Mr. Davis sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

59.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the ADA, Mr. Davis suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

60.     Plaintiff is entitled to recover those damages against Defendant.

61.     Plaintiff is also entitled to recover his attorneys' fees and costs.

### Count II: Failure to Accommodate a Disability

### (42 U.S.C. §12112(b)(5)(A))

62.     Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs.

63.     Defendant made no individualized assessment to determine whether a reasonable accommodation would enable Mr. Davis to continue his employment, as is required under the ADA.

64.     Defendant's failure to make an individualized assessment to determine whether Mr. Davis could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

65.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the ADA, Mr. Davis sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

66.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the ADA, Mr. Davis

1  suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

2      67.    Plaintiff is entitled to recover those damages against Defendant.

3      68.    Plaintiff is also entitled to recover his attorneys' fees and costs.

4  **Count III: Retaliation Based on a Disability**

5  **(42 U.S. Code § 12203(a))**

6      69.    Plaintiff incorporates by reference the allegations contained in the forgoing

7  paragraphs.

8      70.    The actions of Defendant, through its agents, servants and employees, in

9  retaliating against Mr. Davis for requesting a reasonable accommodation(s), and for

10  opposing unlawful disability discrimination in the workplace, constituted a violation of

11  the ADA.

12      71.    As a direct result of the aforesaid unlawful discriminatory employment

13  practices engaged in by Defendant in violation of the ADA, Mr. Davis sustained

14  permanent and irreparable harm, resulting in his termination from employment, which

15  caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of

16  future earning power, plus back pay, and front pay and interest due thereon.

17      72.    As a further direct result of the aforesaid unlawful discriminatory

18  employment practices engaged in by Defendant in violation of the ADA, Mr. Davis

19  suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

20  **Count IV: Discrimination Based on Age**

21  **(29 U.S.C. §623)**

22      73.    Plaintiff incorporates by reference the allegations contained in the forgoing

23  paragraphs.

24      74.    Plaintiff was 65 years old on the date of his termination from Desert

25  Services Sales, LLC.

26      75.    Plaintiff is a member of a protected class.

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

76.     Defendant intentionally discriminated against Plaintiff.

77.     Defendant's failure to make reasonable accommodations for Plaintiff given his age and health conditions violated 29 U.S.C. §623.

78.     Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff.

79.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of 29 U.S.C. §623, Mr. Davis sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

80.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of violation of 29 U.S.C. §623, Mr. Davis suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

81.     Plaintiff is entitled to recover those damages against Defendant.

82.     Plaintiff is also entitled to recover his attorneys' fees and costs.

## Count V: Discrimination Based on Race

### (42 U.S.C. §2000e)

83.     Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs.

84.     Plaintiff is a member of a protected class.

85.     Defendant discriminated against Plaintiff because of his race (Black).

86.     Defendant intentionally discriminated against Plaintiff on the basis of race and in violation of A.R.S. §41-1463 and 42 U.S.C. §2000e.

87.     Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff.

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

88.     Based on the intentional acts of Defendant, Plaintiff has suffered damages enumerated above.

89.     Plaintiff is entitled to recover those damages against Defendant.

90.     Plaintiff is also entitled to recover his attorneys' fees and costs.

### Count VI: Hostile Work Environment

### (Title VII)

91.     Plaintiff incorporates by reference the allegations contained in the forgoing paragraphs.

92.     Defendant created a hostile work environment for Plaintiff because of his race, age and disability that no person could tolerate in violation of Title VII.

93.     Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff.

94.     Defendant intentionally discriminated against Plaintiff in violation of Title VII.

95.     Because of the intentional acts of Defendant, Plaintiff has suffered damages enumerated above.

96.     Plaintiff is entitled to recover those damages against Defendant.

97.     Plaintiff is also entitled to recover his attorneys' fees and costs.

### Count VII: Breach of Contract

98.     On or about March 2020, Mr. Michael Lanning was painting trucks on work property.

99.     The overspray from the white paint landed on Mr. Davis's red truck, a 2007 Ford F-150.

100.    Mr. Lanning promised to pay Mr. Davis to cover the cost of a paint job to avoid Mr. Davis from seeking other legal remedies for the paint damage done to his truck.

FERNANDEZ WATTS LAW, PLLC
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016

101.   Mr. Davis obtained a written quote for the paint job on March 13, 2020 and provided the quote to Mr. Lanning to pay.

102.   Mr. Lanning never paid Mr. Davis as promised.

103.   Plaintiff is entitled to damages against Defendant for the cost of repainting the truck and loss of use of the truck.

104.   Plaintiff is also entitled to recover his attorneys' fees and costs.

## **Prayer for Relief**

Plaintiff requests the following relief against Defendant in connection with his Complaint:

A.  Judgment in favor of Plaintiff and against Defendant on all claims;

B.  Statutory, compensatory, consequential and nominal damages;

C.  Punitive damages;

D.  Accrued and accruing pre- and post-judgment interest at the statutory rates;

E.  Plaintiff's attorney's fees and costs; and

F.  Such other relief as the Court deems proper.

## **Jury Trial Request**

Plaintiff requests a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th day of August, 2022.


FERNANDEZ WATTS LAW PLLC


*/s/ Shayna Fernandez Watts*
1801 E. Camelback Rd. Ste. 102 #1057
Phoenix, Arizona 85016
Attorney for Plaintiff Lester Davis